UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAMANJOT SINGH,

                  Petitioner,                Case No. 1:26-cv-965

v.                                       Honorable Jane M. Beckering

KRISTI NOEM et al.,

                  Respondents.

_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.      Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.8.)[1] Respondents filed their response to Petitioner's

---

[1] Petitioner also filed a motion for a temporary restraining order. (ECF No. 4.) Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, Petitioner's motion for a temporary restraining order is moot.

§ 2241 petition and a recording of the February 26, 2026, bond hearing on April 14, 2026. (Resp., ECF No. 5; Recording of Bond Hearing, filed on Apr. 14, 2026.)

**II.      Factual Background**

Petitioner is a citizen of India who entered the United States in 2024. (Pet., ECF No. 1, PageID.4–5.) On December 24, 2025, Petitioner was arrested by ICE agents. (*Id.*, PageID.5.)

On January 28, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Singh v. Noem* (*Singh I*), No. 1:26-cv-320 (W.D. Mich.). In *Singh I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Singh I*, (W.D. Mich. Feb. 20, 2026), (ECF Nos. 7, 8).

On February 26, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.6.) At that hearing, Petitioner "submitted several pieces of evidence," while "the Government did not submit any evidence in regard to [Petitioner] being a flight risk or danger." (*Id.*) At the conclusion of the February 26, 2026, hearing, the immigration judge denied Petitioner's request for bond, stating:

> Respondent unlawfully entered the United States and has remained without authorization. Respondent has been in the United States for a short period of time. Respondent has not presented sufficient evidence to this Court regarding employment within the United States. Respondent does not own any real property in the United States. Respondent has minimal contacts and no immediate family members in the United States.
>
> The Court may consider the likelihood of success on being granted any immigration relief. Any relief Respondent is seeking is speculative.
>
> The Court finds that Respondent is a flight risk and therefore denies his request for change in custody status.

(Immigration Judge Order, ECF No. 1-1, PageID.33.)

### III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### V.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the ICE Detroit Field Office Director, the Acting

Director of ICE, and the Secretary for the Department of Homeland Security as Respondents. The Court will dismiss the Warden of North Lake Correctional Facility and the United States Attorney General as Respondents.

### Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. Further, the Court will dismiss the Warden of North Lake Correctional Facility and the United States Attorney General as Respondents.

Dated:    May 13, 2026                              /s/ Jane M. Beckering
                                                     Jane M. Beckering
                                                     United States District Judge

4